# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00458-CR

**Wydall Hallett, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT NO. 50,131, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

Appellant Wydall Hallett pleaded guilty to attempted burglary of a habitation. *See* Tex. Penal Code Ann. §§ 15.01 (West 1994); 30.02 (West Supp. 2001). The court adjudged him guilty and assessed punishment at imprisonment for ten years.

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). A copy of counsel's brief was delivered to appellant, and appellant was advised of his right to examine the appellate record and to file a pro se brief.

Appellant has filed a pro se brief in which he contends that evidence of other, unadjudicated offenses was improperly admitted during the punishment hearing. Contrary to appellant's contention, evidence of other offenses shown beyond a reasonable doubt to have been committed by the defendant are relevant and admissible at sentencing, whether or not they have resulted in a conviction. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp. 2001).

Appellant also complains that he received ineffective assistance of counsel at trial and on appeal, and that certain documents were improperly altered by the prosecutor. There is no support in the record for these allegations.

We have reviewed the record, counsel's brief, and the pro se brief, and agree that the appeal is frivolous. The judgment of conviction is affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: February 1, 2001

Do Not Publish

2